[Civ. No. 63749. Second Dist., Div. Two. July 9, 1982.]

UNITED MULTIPLE LISTING SERVICE, INC., Plaintiff, Cross-defendant and Respondent, v.
EDWARD BERNSTEIN, Defendant, Cross-complainant and Appellant.

COUNSEL

Murphy & Gold and Ronald Gold for Defendant, Cross-complainant and Appellant.

Condon & Condon and Michael J. Festa for Plaintiff, Cross-defendant and Respondent.

OPINION

**COMPTON, J.**—United Multiple Listing Service, Inc. (UMLS), a non-profit corporation is an organization comprised of real estate brokers doing business in a designated geographical area of Los Angeles County.

UMLS instituted a declaratory relief action to determine the validity of its action in terminating the membership in UMLS of Edward Bernstein, a real estate broker.

Bernstein answered and cross-complained for injunctive and other forms of relief claiming essentially that the membership contract between UMLS and its members is a contract of adhesion and that certain provisions contained therein violate the Cartwright Act (Bus. & Prof. Code, § 16700 et seq.) and the Sherman Anti-Trust Act (15 U.S.C.A. § 1 et seq.).

After sustaining without leave to amend a demurrer to those counts of the cross-complaint alleging the antitrust violations, the trial court entered judgment in favor of UMLS on its complaint for declaratory relief. Bernstein has appealed. We affirm.

The bylaws under which UMLS conducts its affairs contain a provision requiring members to submit disputes between themselves over fees and commissions to an arbitration procedure established by those same bylaws. Another provision of the bylaws permits the expulsion of a member who violates those bylaws.

The undisputed facts are that Bernstein refused to submit to arbitration a commission dispute between himself and another member and that after due notice refused to appear at or participate in the hearing which led to his expulsion.

Despite Bernstein's efforts to invest this dispute with antitrust and constitutional dimensions, the issue presented is simply one of whether a voluntary association may reasonably require its members to arbitrate internal disputes between themselves.

■ Assuming arguendo that UMLS occupies such a position of dominance in the real estate market in its area of operation that its conduct under certain circumstances could offend the antitrust laws, neither Bernstein's pleadings nor his evidence point to any anticompetitive effect resulting from UMLS's internal regulations.

Simply stated, Bernstein's complaint is that the success of his business as a real estate broker depends on his membership in UMLS and that it is unreasonable to require him, as a condition of membership, to agree to arbitrate disputes with other members. He makes no contention that UMLS in any other manner arbitrarily or unreasonably restricts its membership or limits competition.

■ Real estate boards and associations such as UMLS perform a useful and beneficial service to the consumer as well as to the real estate broker. So long as their internal restraints are reasonable and fair, such voluntary associations are free to enforce those restraints even though the result may be to deny to certain nonmember brokers access to their facilities and services. (*Marin County Bd. of Realtors, Inc.* v. *Palsson* (1976) 16 Cal.3d 920 [130 Cal.Rptr. 1, 549 P.2d 833]; *Applebaum* v. *Board of Directors* (1980) 104 Cal.App.3d 648 [163 Cal.Rptr. 831].)

"[T]he plaintiff has the burden of proving that defendant's restrictive trade practices have substantial or serious anticompetitive effects within the relevant market. [Citations.] Plaintiff must show the defendant's trade practices amount to monopolistic powers seriously hindering competitors. A showing of only individual detriment is insufficient as the purpose of antitrust laws is primarily to protect the consuming public by healthy competition, and only secondarily to protect the individual competitor. . . . Lacking are any material allegations to the effect that defendants' listing services amount to a monopoly or that a competitive market to which plaintiff belongs is seriously hampered by MLS participation requirements. Plaintiff's failure to allege any harm to the public constitutes a failure to state an antitrust cause of action." (*Feldman* v. *Sacramento Bd. of Realtors, Inc.* (1981) 119 Cal.App.3d 738, 747-748, 174 Cal.Rptr. 231].)

Bernstein's characterizing of the membership contract as one of adhesion avails him nothing. ■ Declaring a contract to be one of adhesion results only in the construing of ambiguous terms against the party preparing the contract. The contract remains enforceable unless it directly contravenes the reasonable expectations of the other party. (*Yeng Sue Chow* v. *Levi Strauss & Co.* (1975) 49 Cal.App.3d 315 [122 Cal.Rptr. 816]; *Jones* v. *Crown Life Ins. Co.* (1978) 86 Cal.App.3d 630 [150 Cal.Rptr. 375, 6 A.L.R.4th 826]; *Meyers* v. *Guarantee Sav. & Loan Assn.* (1978) 79 Cal.App.3d 307 [144 Cal.Rptr. 616].)

■ There is nothing ambiguous in the UMLS bylaws which describe the arbitration procedure. No construction of the terms is required. Arbitration as a method of resolving disputes is highly favored by the law and is in widespread use in the business community. The specific procedures for arbitration and expulsion set forth in UMLS's bylaws are eminently fair and reasonable.

Bernstein's position is nothing more than that of an individual who would avail himself of the benefits of membership while refusing to accept the reasonable conditions of such membership. The success, if not the survival, of any organization is dependent upon its ability to enforce upon its members the rules which govern the conduct of its affairs.

Even an organization which is "affected with a public interest," such as a real estate board, has the right to withhold its services and the benefits of membership from anyone who refuses to comply with its reasonable rules and regulations.

The judgment is affirmed.

Roth, P. J., and Gates, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 2, 1982.